IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Laureano Chirino Rivera, #79091-004, ) | C/A No.: 1:12-1226-JMC-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Kenny Atkinson, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Laureano Chirino Rivera ("Petitioner"), proceeding *pro se* and *in forma pauperis*, files this petition pursuant to 28 U.S.C. § 2241 seeking a new trial and asking this court to vacate his sentence. Petitioner is incarcerated at the Federal Correctional Institution in Edgefield, South Carolina. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice.

I.  Factual and Procedural Background

On September 28, 2007, a Brinks armored truck was robbed while stopped outside of a Publix supermarket in Miami. [Entry #1-2 at 2]. Petitioner was the driver of the Brinks truck. *Id*. Prosecutors alleged that Petitioner failed to activate the alarm, and that he conspired with others to accomplish the robbery. [Entry #1-2 at 3]. Petitioner pled guilty to robbery and firearms conspiracy charges in the United States District Court for

the Southern District of Florida. [Entry #1 at 2]. He was sentenced to 262 months in prison on July 28, 2008. *Id.* He made a direct appeal, which was denied by the Eleventh Circuit on October 5, 2009. [Entry #1 at 4]. Petitioner challenges his conviction and sentence on the bases that he received ineffective assistance of counsel; that he was denied the right to a jury trial; and that the length of the sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Id.* Petitioner previously challenged his conviction and sentence in four motions pursuant to 28 U.S.C. § 2255, which were denied on March 28, 2009, March 1, 2011, May 26, 2011, and January 25, 2012, respectively. He complains that his § 2255 motions were inadequate and ineffective to test the legality of his detention because they were denied. [Entry #1 at 9–10].

Petitioner asserts that he is in fact innocent of the crimes for which he pled guilty. [Entry #1 at 8]. He alleges that while he "knew something was happening," he was only the driver, and that the robbers hid their actions from him. [Entry #1 at 7].

II. Discussion

    A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996. This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A court is charged with liberally

construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *See Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

    B.    Analysis

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*)). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *see also Ennis v. Olsen*, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him

> relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. The undersigned notes that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In Re Vial*, 115 F.3d at 1194 n. 5 (citations omitted).

To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, Petitioner would have to show that something more should be considered by the court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *In re Jones*, 226 F.3d 328 (4th Cir. 2000). In *Jones*, the court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333–34.

Petitioner cannot satisfy all the elements of this test. Specifically, the second element of the test requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." The petition makes no

4

allegation that the conduct for which Petitioner was convicted has been deemed non-criminal by any substantive law change. Rather, Petitioner makes clear that he feels § 2255 is inadequate or ineffective solely because he has been unable to achieve any relief in his § 2255 motions, saying "[t]he courts decision has been ineffective and inadequate by denying always defendants solicitation that this case be returned to court for a trial in his appeals." [Entry #1 at 10].

There is some authority allowing a petitioner to obtain review of his additional constitutional claims by showing that his case implicates a fundamental miscarriage of justice, such as by a showing of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 315 (1995). However, Petitioner's assertion that he is innocent of the conviction because he did not conspire to rob the Brinks truck is without merit for this purpose. Cognizable claims of actual innocence are extremely rare and must be based on "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). In the present case, Petitioner's actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings that supports his innocence of the charge. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."). In sum, nothing in this case presents more than an unsupported

5

allegation of actual innocence. Because Petitioner has not demonstrated that he is actually innocent and has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his sentence thereby allowing him to file a § 2241 petition, the undersigned recommends this matter be dismissed.

III.   Conclusion

Accordingly, it is recommended that the § 2241 petition in the above-captioned case be dismissed without prejudice and without requiring the respondents to file a return.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

June 6, 2012                                          Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).