**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | | |
|---|---|---|
| Laureano Chirino Rivera, | ) | |
| | ) | Civil Action No. 1:12-cv-01226-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Kenny Atkinson, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

*Pro se* Petitioner Laureano Chirino Rivera filed a Petition for Writ of Habeas Corpus [Dkt. No. 1] pursuant to 28 U.S.C. § 2241, requesting the court vacate his sentence resulting from his guilty plea to robbery and firearms conspiracy charges and further requesting the court grant him a jury trial. This matter is currently before the court on the Magistrate Judge's Report and Recommendation [Dkt. No. 7] ("Report"), filed on June 6, 2012, recommending the court dismiss the petition in this case without prejudice. The Report sets forth in detail the relevant facts and legal standards on this matter, which the court incorporates herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner timely filed objections [Dkt. No. 10] to the Magistrate Judge's Report. The court finds that Petitioner's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, and entirely consist of a reassertion of the arguments made in his petition. Accordingly, after a thorough review of the Magistrate Judge's Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 7], and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus [Dkt. No. 1] and without requiring Respondent to file an Answer or return.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676,

683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

November 20, 2012
Greenville, South Carolina

3